Estate of Alice H. Ellis, Nathaniel H. Batchelder, Executor v. Commissioner.
Estate of Ellis v. Commissioner
Docket No. 110086.
United States Tax Court
1942 Tax Ct. Memo LEXIS 28; 1 T.C.M. (CCH) 266; T.C.M. (RIA) 42658; 12/19/1942
*28 Richard W. Hale, Esq., 60 State St., Boston, Mass., for the petitioner. Davis Haskin, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $12,446.88 in estate tax. By amended answer he asks that this deficiency be increased. [The Facts] Petitioner is the executor of the Estate of Alice H. Ellis, who died April 7, 1940. At the date of her death, the decedent was the owner of a certain parcel of real estate located in Keene, County of Cheshire, State of New Hampshire, known as "the Cheshire House Property." The estate elected to have the property included in the gross estate valued in accordance with the method authorized by subdivision (j) of section 302 of the Revenue Act of 1926, as amended by section 202 of the Revenue Act of 1935. The property was included in the estate tax return at a value of $187,500 as of April 7, 1941. In his notice of deficiency the Commissioner determined a value of $250,000. By his amended answer respondent alleges that the property had a value of at least $300,000. The Cheshire House property was located on the main or central square of Keene, New Hampshire. It is the best business *29 location in the city of Keene. On October 31, 1938, the decedent leased the Cheshire House property to the firm of Gorfinkle and Barkin for a term of 75 years. By the terms of the lease the lessee agreed to pay annual rentals as follows: November 1, 1928 to October 31, 1933
$14,000
November 1, 1933 to October 31, 1948
16,500
November 1, 1948 to October 31, 1963
18,000
November 1, 1963 to October 31, 1978
20,000
November 1, 1978 to October 31, 1993
23,000
November 1, 1993 to October 31, 2003
24,000
In addition to these stipulated rentals, Gorfinkle and Barkin agreed to pay all taxes, betterment assessments, water charges, repairs, insurance, and to assume certain enumerated risks. They agreed to deliver to the decedent in good condition at the expiration of the lease all buildings constructed thereon by them. By agreement of August 16, 1934, the amount of rent payable for the period November 1, 1933 to October 31, 1948, was reduced to an annual rental of $13,500 for a consecutive term of five years during said period, the term to commence on the completion of the building then under construction by the lessee on the leased property, but not later than November 1, 1934. *30 By a further agreement of December 20, 1939, the annual rental of $16,500 to be paid by the lessee during the period November 1, 1933 to October 31, 1948, was reduced to an annual rental of $15,000 for a consecutive term of five years, for a period commencing October 31, 1939. The lessee proceeded to erect various business buildings on the property and to lease the same to tenants. There has been no forfeiture under the lease and the lessee continues in possession. [Opinion] The sole issue posed in this case is the fair market value on April 7, 1941, of the real estate above referred to and known as the Cheshire House property. The evidence consists largely of the testimony of three expert witnesses, two called by petitioner and one called by the government. Of the two witnesses called by petitioner, who were real estate men from Boston, one fixed a value for the property of $187,500 as of the basic date and the other found a value of $165,000. The witness called by the government a real estate man and resident of Keene, was of the opinion that the property had a fair market value of $303,700. The truth of the matter probably lies somewhere between the two extremes. On *31 careful consideration of all of the evidence and giving to the opinions of the witnesses such weight as on the record it appears that they should receive, we find the fair market value of the property in question to be $250,000, the amount originally determined by the respondent. Decision will be entered for the respondent.